# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JASON ARLANDO WILSON | § | |
| | § | |
| v. | § | |
| | § | |
| FLOOR & DECOR HOLDINGS, INC., | § | CIVIL ACTION NO. 3:23-CV-1343-S |
| FD SALES COMPANY, LLC, FLOOR | § | |
| AND DECOR OUTLETS OF AMERICA, | § | |
| INC., and ADRIAN VILLANUEVA | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Jason Arlando Wilson's First Amended Motion to Remand ("Motion") [ECF No. 16]. Having reviewed and considered the Motion, Defendants Floor & Decor Holdings, Inc., FD Sales Company, LLC, and Floor and Decor Outlets of America, Inc.'s Response to Plaintiff's Motion to Remand to State Court ("Response") [ECF No. 24], Plaintiff's Reply in Support of His First Amended Motion to Remand [ECF No. 25], and Defendants' Sur-Reply to Plaintiff's Reply Regarding the Motion to Remand to State Court [ECF No. 26], the Court **GRANTS** the Motion.

### I. BACKGROUND

On May 10, 2023, Plaintiff filed this lawsuit against Defendants Floor & Decor Holdings, Inc., FD Sales Company, LLC, Floor and Decor Outlets of America, Inc. (collectively, "Floor & Decor Defendants") and John Doe in County Court at Law No. 1, Dallas County, Texas. *See* Pl.'s Orig. Pet. ("Pet.") [ECF No. 1-2]. Plaintiff alleges that on or about August 12, 2021, he entered Floor & Decor Defendants' store to complete a delivery. *Id.* ¶ 11. Plaintiff allegedly observed an unknown employee—sued as John Doe—moving trash that was stacked against a wall. *Id.* According to Plaintiff, the unknown employee "failed to exercise reasonable care or check for nearby persons" and "caused a wooden board to fall," striking Plaintiff in the head. *Id.*

Plaintiff alleges that "Defendants failed to safely stock and safely maintain the area in the warehouse, creating the dangerous condition which injured Plaintiff." *Id.* ¶ 12. Floor & Decor Defendants' employees allegedly "were responsible for maintaining the warehouse area of the store, an area where delivery personnel . . . were invited to be present." *Id.* ¶ 10. Based on the foregoing, Plaintiff asserted negligence, negligent activity, and gross negligence claims against all Defendants and a premises liability claim against Floor & Decor Defendants.[1] *Id.* ¶¶ 14-32.

Floor & Decor Defendants removed the case, asserting that the Court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. *See* Am. Notice of Removal [ECF No. 7] ¶¶ 2-8. Floor & Decor Defendants stated that Plaintiff is a citizen of Texas, *id.* ¶ 2, and that Floor & Decor Defendants are citizens of Delaware and Georgia, *id.* ¶¶ 3-5. Shortly after removing the case, Floor & Decor Defendants identified John Doe as Adrian Villanueva. Mot. 3. Villanueva is an employee of Defendant Floor & Decor Outlets of America, Inc. Resp. ¶ 5. Plaintiff subsequently amended the Petition to name Villanueva as a defendant in place of John Doe. Like Plaintiff, Villanueva is a citizen of Texas. Pl.'s Second Am. Compl. [ECF No. 22] ¶ 7. After discovering Villanueva's identity and citizenship, Plaintiff moved to remand the case, asserting that complete diversity does not exist because Plaintiff and Villanueva are both citizens of Texas. Mot. 1.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power

---

[1] Although the premises liability claim is nominally brought against all Defendants, Plaintiff's allegations make it clear that this claim is only asserted against Floor & Decor Defendants. *See, e.g.*, Pet. ¶ 25 ("[Floor & Decor] Defendants . . . had a duty to exercise ordinary care . . . ."); *id.* ¶ 26 ("[Floor & Decor Defendants breached their duty to Plaintiff . . . .").

authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, courts strictly construe the removal statute, and any doubt about the propriety of removal is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are the existence of a federal question, *see* 28 U.S.C. § 1331, and diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When, as here, a suit is removed on the basis of diversity, the removing party must establish that: (1) the amount in controversy exceeds $75,000 and (2) all parties on one side of the controversy are citizens of different states than all parties on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted). Diversity of citizenship must exist at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

### III. ANALYSIS

Floor & Decor Defendants claim that the Court has diversity jurisdiction over this case. Although they do not dispute that Plaintiff and Villanueva are both citizens of Texas, they argue that Villanueva was improperly joined. Resp. ¶ 6. "The doctrine of improper joinder is a 'narrow

3

exception' to the rule of complete diversity[.]" *Nerium Int'l, LLC v. Burdick*, No. 3:16-CV-3545-D, 2017 WL 7596914, at *2 (N.D. Tex. Jan. 6, 2017) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). If the removing party demonstrates that in-state defendants have been improperly joined, their presence in the case will not defeat jurisdiction. *See Smallwood*, 385 F.3d at 573. To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). The removing party bears the "heavy" burden of demonstrating improper joinder. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citation omitted).

Floor & Decor Defendants do not allege any fraud in the pleading of jurisdictional facts; therefore, to show improper joinder, they must show that Plaintiff is unable to establish a cause of action against Villanueva in state court. A plaintiff cannot establish a cause of action in state court where "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citation omitted). To determine whether a plaintiff has a reasonable basis of recovery under state law, the district court "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (stating that Fifth Circuit "precedent is clear" that "[a] federal court must apply the federal pleading standard" in deciding an improper joinder issue). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

Floor & Decor Defendants first argue that this case revolves around "a condition of the premises" and that Plaintiff does not plead any facts showing that Villanueva created the allegedly

dangerous condition. Resp. ¶ 25 (emphasis omitted). This argument goes to Plaintiff's ability to establish a premises liability claim. But Plaintiff does not assert a premises liability claim against Villanueva. Plaintiff asserts a negligence claim against Villanueva based on Villanueva's actions; namely, moving trash. Texas law permits the filing of both ordinary negligence and premises liability claims. *See, e.g., Gonzales v. Wal-Mart Stores Tex., L.L.C.*, No. 5:16-CV-00547-DAE, 2017 WL 3712187, at *2 (W.D. Tex. June 13, 2017) ("[A] plaintiff may maintain claims for both general negligence and premises liability . . . ." (citation omitted)); *Burrell v. PTCAA Tex., L.P.*, No. 4:21-CV-3846, 2023 WL 3006662, at *4 (S.D. Tex. Apr. 19, 2023) ("[B]ecause [premises liability and negligence] are independent theories of recovery, they may be pled in the alternative." (citation omitted)).

Having disposed of this argument, the question in this case is simple: Is there a reasonable possibility that Plaintiff can establish a negligence cause of action against Villanueva? Floor & Decor Defendants argue that Plaintiff cannot because the allegations against Villanueva are conclusory and insufficient to survive a Rule 12(b)(6) analysis. Resp. ¶ 26. To pass muster under Rule 12(b)(6), a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).

Under Texas law, a negligence claim has three elements: (1) a legal duty; (2) breach of that duty; and (3) damages proximately resulting from that breach.[2] *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998) (citation omitted). "The general rule in Texas has always been that a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Woolard v. Life Time Fitness, Inc.*, No. 4:23-CV-00844-P, 2023 WL 6388530, at *2 (N.D. Tex. Sept. 28, 2023) (internal quotation marks and citation omitted). But when an employee is joined as a defendant in a negligence action against the employer, liability arises only when that employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

Floor & Decor Defendants argue that there are no factual allegations showing that Villanueva owed a duty to Plaintiff and/or breached such duty. Resp. ¶ 26. The Court disagrees. A company employee driving an automobile "owes a duty to the public to drive with reasonable care." *Tri*, 162 S.W.3d at 562. Similarly, "it [is] quite possible that" when Villanueva was moving trash, he had a duty to do so with reasonable care. *Garrison v. The Sherwin-Williams Co.*, No. 4:10-CV-128, 2010 WL 2573973, at *5 (E.D. Tex. June 1, 2010). And Plaintiff plausibly alleges that Villanueva owed a duty separate from that owed by Floor & Decor Defendants. Villanueva's direct involvement in the alleged negligence provides "a reasonable basis for predicting that the state law might impose liability on" Villanueva. *Id.*; *see also Guzman v. Cordero*, 481 F. Supp. 2d 787, 790 (W.D. Tex. 2007) ("Unlike the individual defendants in *Leitch*, Cordero was directly and personally involved in conduct that allegedly caused Plaintiff's injuries . . . .").

---

[2] "The elements of a negligent activity claim are the same as those used in negligence analysis generally: duty, breach, causation, and damages." *Padilla v. Wal-Mart Stores Tex., LLC*, No. EP-19-CV-4-KC, 2020 WL 1902535, at *3 (W.D. Tex. Jan. 31, 2020) (citation omitted).

6

Plaintiff's allegations regarding breach also suffice at this stage. According to Plaintiff, Villanueva breached the duty owed to Plaintiff by, among other things, failing to exercise reasonable care or check for nearby persons. Plaintiff alleges he suffered damages resulting from Villanueva's actions. Plaintiff specifically attributes the wooden board falling and striking him in the head to Villanueva's conduct. These allegations provide a reasonable basis to predict that Plaintiff may be able to recover on a negligence claim against Villanueva in state court.

Far from relying on the occurrence of an event causing injury or suing an employee for breach of a duty owed only by the employer, Plaintiff plausibly alleges facts showing: (1) Villanueva's duty to act with reasonable care while moving trash; (2) how Villanueva breached that duty by failing to exercise reasonable care or check for nearby persons; and (3) how Villanueva's breach caused Plaintiff's injury. At the very least, Floor & Decor Defendants cannot meet their heavy burden to show that there is no reasonable basis for the Court to predict that Plaintiff may be able to recover against Villanueva individually for his alleged negligence. Thus, Villanueva was not improperly joined, and his presence in the case defeats diversity jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's First Amended Motion to Remand [ECF No. 16]. The case is **REMANDED** to County Court at Law No. 1, Dallas County, Texas.

**SO ORDERED.**

SIGNED January 25, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**